

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

February 18, 2020

Dan Erwin, Esq.
Federal Public Defender's Office
265 Church Street, Suite 702
New Haven, CT 06510

    Re:    United States v. Eric Montanez a.k.a. Eddie Montanez
           Case No. 3:19-mj-1373   3:20CR27 (MPS)

Dear Attorney Erwin:

This letter confirms the plea agreement between your client, Eric Montanez a.k.a. Eddie Montanez (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a one-count Information charging a violation of 18 U.S.C. § 2314, Transportation of Stolen Property.

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. That the goods, wares, merchandise, securities, or money were stolen, converted, or taken by fraud;

2. That the defendant transported, transmitted, or transferred (or caused to be transported or transmitted) the property in interstate of foreign commerce;

3. That at the time of the transportation or transmission, the defendant knew the property was stolen, converted, or taken by fraud; and

4. That the value of the property was at least $5,000.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of 10 years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than three (3) years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two (2) years per violation pursuant to 18 U.S.C. § 3583.

### Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties

and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is

inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1 is six (6). That level is increased by 12 based on the total loss amount being less than $550,000 but greater than $250,000. U.S.S.G. § 2B1.1(b)(1)(G). That number is further increased by two (2) based on the number of victims involved. U.S.S.G. § 2B1.1(b)(2)(A)(i). Under U.S.S.G. § 2B1.1(b)(4), the offense level is again increased by two (2) based on the defendant being in the business of selling and receiving stolen property. Three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 19.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 19, assuming a Criminal History Category I, would result in a range of 30 to 37 months of imprisonment (sentencing table) and a fine range of $10,000 to $100,000. U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of one (1) year to three (3) years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to

Dan Erwin, *Esq.*
Page 5

withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the Information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under

oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

### Waiver of Challenge to Plea Based on Immigration Consequences

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the Districts of Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire, New Jersey, and the Southern District of New York as a result of his participation in the transportation of stolen property on the occasions listed in the Stipulation of Offense Conduct and Relevant Conduct attached hereto.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

MARGARET DONOVAN
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

ERIC MONTANEZ
The Defendant

2/18/20
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

DAN ERWIN, ESQ.
Attorney for the Defendant

2/18/20
Date

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Information:

On or about June 19, 2019, in the District of Connecticut, the defendant ERIC MONTANEZ, a.k.a. EDDIE MONTANEZ, did unlawfully transport, transmit, and transfer in interstate and foreign commerce, stolen goods, wares and merchandise with a value of $5,000 or more, that is, stolen cellular telephones, tablets, headphones, and electronic watches that MONTANEZ stole from a cellular telephone store in Glastonbury, Connecticut, and then resold, shipped, and delivered these items from Connecticut to outside of Connecticut, knowing the same to have been stolen, converted, and taken by fraud.

The defendant has also admitted to burglarizing or attempting to burglarize the following victim businesses on the following dates:

| Date (on or about) | Address of Victim Business | Victim Parent Company | Estimated Loss (Approximate)[1] |
|---|---|---|---|
| 3/1/2019 | 1300 Boston Post Rd., Springfield, MA | Sprint | Unknown[2] |
| 5/21/2019 | 261 East Main St., Westfield, MA | T-Mobile | $3,330.49 |
| 5/22/2019 | 2912 Main St., Glastonbury, CT | Verizon | None (Attempted) |
| 5/22/2019 | 1055B Kennedy Rd., Windsor, CT | T-Mobile | Unknown |
| 5/24/2019 | 70 Worcester / Prov Pike, Millbury, MA | Verizon | $7,850.00 |
| 5/25/2019 | 496 South Broad St., Meriden, CT | AT&T | $10,529.86 |
| 5/28/2019 | 365 Queen St., Southington, CT | Sprint | $11,812.00 |
| 5/31/2019 | 1102 Riverdale St., West Springfield, MA | Sprint | $11,483.84 |
| 6/2/2019 | 456 Center St., Ludlow, MA | Sprint | Unknown |
| 6/5/2019 | Silas Deane Highway, Wethersfield, CT | T-Mobile | $9,294.97 |

---

[1] The estimated loss is based on the reported retail value provided by the victim businesses. The Government and the defendant reserve their right to argue whether the appropriate value for the purposes of restitution is derived from retail value, wholesale value, or some other value determined prior to sentencing. Estimated loss values do not include costs incurred by the victim businesses for property damage caused by the attempted burglary. Any restitution addressing such property damage will be decided at sentencing.

[2] The Government and the defendant reserve the right to argue the value or definition of any fields marked "UNKNOWN" at sentencing in this case.

| | | | |
|---|---|---|---|
| 6/8/2019 | 300 Universal Dr., North Haven, CT | AT&T | $10,420.00 |
| 6/10/2019 | 18 Kane St., West Hartford, CT | Sprint | $6,149.91 |
| 6/11/2019 | 179 Deming St., Manchester, CT | T-Mobile | $11,958.00 |
| 6/11/2019 | 3111 Berlin Turnpike, Newington, CT | T-Mobile | $12,000.00 |
| 6/19/2019 | 140 Glastonbury Blvd., Glastonbury, CT | AT&T | $14,177.00 |
| 6/20/2019 | 920 Wolcott Street, Waterbury, CT | Xfinity | $11,799.93 |
| 6/20/2019 | 920 Wolcott Street, Waterbury, CT | Sprint | $6,250.00 |
| 6/23/2019 | 45 Salem Turnpike, Norwich, CT | Sprint | $15,000.00 |
| 6/25/2019 | 328 Timpany Blvd., Gardner, MA | Verizon | $21,430.00 |
| 6/25/2019 | 330 Timpany Blvd., Gardner, MA | Sprint | Unknown |
| 6/26/2019 | 70 Pleasant Valley Rd., Methuen, MA | Xfinity | $11,769.88 |
| 6/27/2019 | 130 Elm St., Enfield, CT | T-Mobile | $4,000.00 |
| 6/27/2019 | 837 Williams St., Longmeadow, MA | AT&T | Unknown |
| 6/29/2019 | 248 New Britain Ave., Plainville, CT | AT&T | $7,619.00 |
| 7/1/2019 | 1479 New Britain Ave., West Hartford, CT | Verizon | $4,207.02 |
| 7/6/2019 | 380 W. Main St., Avon, CT | Verizon | Unknown |
| 7/8/2019 | 994 North Colony Rd., Wallingford, CT | Verizon | $6,220.00 |
| 7/9/2019 | 955 Washington St., Middletown, CT | Verizon | $10,179.86 |
| 7/10/2019 | 28 Spencer Plain Rd., Old Saybrook, CT | T-Mobile | $4,074.91 |
| 7/11/2019 | 300 Oxford Rd., Oxford, CT | Verizon | Unknown |
| 7/11/2019 | 129 Rubber Ave., Naugatuck, CT | T-Mobile | $3,000.00 |
| 7/13/2019 | 496 South Broad St., Meriden, CT | AT&T | $2,996.00 |
| 7/15/2019 | 132 Federal Rd., | AT&T | $14,154.80 |

| | | | |
|---|---|---|---|
| | Danbury, CT | | |
| 7/15/2019 | 109 Federal Rd., Brookfield, CT | Sprint | $1,845.00 |
| 7/17/2019 | 140 Glastonbury Blvd., Glastonbury, CT | AT&T | $11,991.38 |
| 7/18/2019 | 152-C Colony St., Meriden, CT | Metro PCS | $2,996.00 |
| 7/19/2019 | 14 Farmington Ave., Plainville, CT | Verizon | $8,608.00 |
| 7/20/2019 | 572 Main Ave., Norwalk, CT | Verizon | Unknown |
| 7/20/2019 | 584 Main Ave., Norwalk, CT | AT&T | $9,350.00 |
| 7/22/2019 | Hartford, CT | Verizon | Unknown |
| 7/23/2019 | 162 N. King St., Northampton, MA | Verizon | $7,225.00 |
| 7/24/2019 | 169 Danbury Rd., New Milford, CT | AT&T | $12,991.00 |
| 7/26/2019 | 346 Winchester St., Keene, NH | AT&T | $18,467.70 |
| 7/26/2019 | 801 Putney Rd., Brattleboro, VT | Verizon | $7,700.00 |
| 7/28/2019 | 430 Broad St., New London, CT | AT&T | $13,530.00 |
| 7/28/2019 | 599 Kingstown Rd., South Kingstown, RI | Verizon | $5,980.55 |
| 7/28/2019 | 143 Franklin St., Westerly, RI | Verizon | $8,989.91 |
| 7/30/2019 | 1004 Main St., Fishkill, NY | T-Mobile | $7,199.92 |
| 7/30/2019 | 1620 Route 22, Putnam County, NY | AT&T | None (Attempted) |
| 7/30/2019 | 111 Independent Way D, Brewster, NY | Verizon | $6,000.00 |
| 7/30/2019 | 15 Backus Ave., Danbury, CT | T-Mobile | Unknown |
| 7/30/2019 | 15 Backus Ave., Danbury, CT | Xfinity | $2,000.00 |
| 8/1/2019 | 1 Preakness Shopping Ctr., Wayne Township, NJ | AT&T | $8,879.86 |
| 8/1/2019 | 318 E. Route 4 E/B, Paramus, NJ | Verizon | $6,419.93 |
| 8/1/2019 | 2130 Promenade Blvd., Fairlawn, NJ | Verizon | $16,000.00 |
| 8/3/2019 | East Main St., | AT&T | $5,890.00 |

|           | Torrington, CT                          |         |            |
|-----------|-----------------------------------------|---------|------------|
| 8/3/2019  | East Main St., Torrington, CT           | Verizon | $5,000.00  |
| 8/9/2019  | 207 Kennedy Dr., Putnam, CT             | Verizon | Unknown    |
| 8/9/2019  | Killingly Commons Plaza, Killingly, CT  | Verizon | $6,971.00  |
| 8/9/2019  | 73 Lathrop Rd., Plainfield, CT          | Verizon | $6,452.00  |
| 8/12/2019 | Poughkeepsie, NY                        | Verizon | Unknown    |
| 8/12/2019 | 100 Main Street North, Southbury, CT    | AT&T    | $7,134.00  |

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

ERIC MONTANEZ
The Defendant

MARGARET DONOVAN
ASSISTANT UNITED STATES ATTORNEY

DAN ERWIN, ESQ.
Attorney for the Defendant

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614.